UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

J.A., ex rel., T.L. and C.A., her natural
parents and guardians,

        Plaintiffs,                    **ORDER**
v.                                              Civil No. 14-4639 ADM/LIB

Moorhead Public Schools, ISD No. 152,

        Defendant.

---

Margaret O'Sullivan Kane, Esq., Kane Education Law, LLC, St. Paul, MN, on behalf of Plaintiffs.

Jenny Gassman-Pines, Esq., Greene Espel PLLP, Minneapolis, MN, on behalf of Defendant.

---

On November 20, 2014, the undersigned United States District Judge heard oral argument on J.A., et al.'s ("Plaintiffs") Amended Motion for a Temporary Restraining Order and Preliminary Injunction [Docket No. 11] against Moorhead Public Schools, ISD No. 152 ("Moorhead" or "the School"). As explained at the hearing, and for the reasons discussed below, Plaintiffs' motion is denied.

J.A. is a five year old student who attends kindergarten at Robert Asp Elementary within the Moorhead Public School system. T.L. Aff. [Docket No 7] ¶ 1. J.A. has been identified by the School as a child with a disability and receives education and services under an individualized education plan. See id. Attach. 3. During parent-teacher conferences on October 13, 2014, J.A.'s parents discovered the School had been placing J.A. into a small, closet-like space for a "timeout room." Id. at ¶¶ 5, 6.

J.A.'s parents immediately protested the use of the room for their daughter. Id. ¶ 8. A series of meetings were held between J.A.'s parents and school administrators. Id. ¶¶ 10, 14.

These meetings resulted in the School agreeing to cease placing J.A. in the small room. Skarvold Decl. [Docket No. 17] Ex. A.  The School further agreed to change J.A.'s schedule and assign her a new case manager.  Id.

J.A.'s parents initially refused to have her attend school after hearing of the School's use of the small room for J.A.  T.L. Aff. ¶ 12.  J.A. eventually returned to school but, at the suggestion of counsel, was again withheld from school a short time later.  Id. ¶ 18.  As of the date of the hearing, J.A. was not attending Robert Asp Elementary.

Plaintiffs request a preliminary injunction to enjoin the School from using the room in question, or any other "substandard facilities," to educate J.A. or any other child with a disability.[1]

The Court considers four factors in determining whether a preliminary injunction should issue: (1) the threat of irreparable harm to the movant in the absence of relief, (2) the balance between the harm alleged and the harm that the relief may cause the non-moving party, (3) the likelihood of the movant's ultimate success on the merits, and (4) the public interest.  Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc).  No single factor is determinative.  Id. at 113.  Instead, the Court considers the particular circumstances of each case, with the focus on the primary question of whether the "balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."  Id.

Both sides strenuously argue they will prevail on the merits of their case.  Plaintiffs argue

---

[1] Plaintiffs do not have standing to seek a preliminary injunction for disabled students other than J.A.

that the conditions of the room and the School District's past pattern and practices with students with disabilities will establish a constitutional violation. Defendant argues that Plaintiffs have to exhaust their administrative remedies and official immunity applies.[2] The ultimate determination of these issues will be addressed as the case proceeds.

Similarly, both sides have compelling public interest arguments; students need to be placed in safe learning environments and school administrators need to have some discretion to make educational decisions. Thus, the public interest factor appears neutral. Likewise, the balance of harms factor also appears neutral.

The Court's focus is thus centered on the threat of irreparable harm factor. Here, there is no threat of irreparable harm to J.A. if the injunction does not issue. The standing agreement between J.A.'s parents and the School, now placed on the Court record, guarantees the relief Plaintiffs seek. The School has agreed not to use the small room identified in court for J.A. Further, the School has agreed to educate J.A. in a different part of the building and a new case manager has been assigned to implement J.A.'s individual education plan.

At the hearing, counsel for Defendant, acting as an officer of the court and with binding authority, orally committed the School to honor its current agreement with J.A.'s parents. Thus, the agreement guarantees the status quo will be preserved until the matters of the Amended Complaint can be adjudicated on the merits, and a preliminary injunction is not required.

---

[2] The Defendant also contests many of the factual allegation upon which Plaintiffs rely.

For the reasons stated at oral argument and summarized here, **IT IS HEREBY ORDERED** that Plaintiffs' Amended Motion for a Temporary Restraining Order and Preliminary Injunction [Docket No. 11] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 25, 2014.